# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **TULIP INDUSTRIES, INC.** | **CIVIL ACTION NO. 3:19-CV-00267** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **J. LAUHON LOGGING, INC.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Pending before the Court is a Motion for Summary Judgment filed by Defendant J. Lauhon Logging, Inc., ("JLL") [Doc. No. 27]. Plaintiff Tulip Industries, Inc., ("Tulip") has filed an opposition [Doc. No. 29].

For the following reasons, JLL's motion is DENIED.

## I. RELEVANT FACTS

Tulip filed this lawsuit against JLL to recover damages, including clean-up costs, allegedly incurred as a result of JLL's negligence. Tulip alleges that Zack Lauhon ("Lauhon"), an employee of JLL, backed a log cutter over a gas well belonging to Tulip during logging operations in Morehouse Parish, Louisiana.

Tulip originally filed suit in the Fourth Judicial District Court for Morehouse Parish, Louisiana, on January 16, 2019. JLL removed the case to this Court on March 1, 2019. [Doc. No. 1]. On March 8, 2019, JLL filed an Answer in which it denied all liability and alternatively asserted the affirmative defense of comparative fault [Doc. No. 5].

The accident occurred on August 23, 2018. Lauhon was cutting and stacking trees in his cutter, and the right rear portion of his machine knocked off the well cap of a Tulip gas well, causing blue flames, salt water, sand, and natural gas to erupt from the open wellhead [Doc. No.

27-3]. Tulip contends that JLL negligently rolled over the wellhead because its well site was routinely inspected and maintained, the well was in plain sight, and it had a visible sign marking its location.

JLL, on the other hand, contends that the well was *not* in plain sight, but was instead concealed inside a thicket and camouflaged by overgrowth, and, further, it was not properly marked or maintained. JLL therefore asserts in its Motion for Summary Judgment that it was not at fault, has no liability, and is entitled to judgment as a matter of law dismissing all claims against it.

In support of its motion, JLL relies on the testimony of Lauhon and James Phillips ("Phillips"), the Tulip employee who was responsible for inspecting and maintaining Tulip's well sites in Morehouse Parish. Phillips testified that: (1) the well site was only inspected about once a year and it had not been inspected since May (more than 3 months before the accident); (2) he only does physical inspections when he deems it necessary and he goes by to check the wells when he feels like the grass may be getting high and he needs to go; (3) the gas well is only 2 to 2-1/2 feet tall; (4) there is a small sign that hangs on one side of the well, and it only hangs about 10 inches above the ground (about mid-calf height); (5) the sign was starting to get overgrown in May when it was last inspected; and (6) overgrowth of vegetation is a common problem with well sites that are located in forested areas. [Doc. No. 27-4]. Lauhon testified that if the sign had been present, he would not have run over the well. [Doc. No. 27-3]. Based on the foregoing, JLL argues there is no basis upon which Tulip can create an issue of fact as to whether JLL knew or should have known about the well site and failed to avoid it.

Tulip opposes the motion for summary judgment, offering the declarations of Phillips and

Brett Thompson ("Thompson"). Phillips declares that: (1) anyone conducting forestry operations in the Monroe Gas Field, where the incident occurred, should be aware that it is riddled with producing and non-producing gas wells; (2) Tulip owns 332 wells in the Monroe Gas field; (3) JLL had conducted forestry operations on the land in 2017 and 2018, using a dirt road just wide enough for a pickup up truck, leading from Prairie Debutte Road straight toward the gas well, curving around to the right to avoid the gas well, and therefore should have been aware of the presence of the well; (4) pictures taken on the day of the incident show that the area was not heavily forested and there was a proper sign on the well; and (5) in the pictures the well sign is crumpled and lying beside the well only because it was damaged by JLL. [Doc. Nos. 32-1]. Thompson, an agent of the Louisiana Department of Conservation, saw the damaged well head the day of the incident and took pictures. [Doc. No. 32-3]. Tulip concludes that it is obvious the damages were caused by the negligence of JLL, but not obvious enough for Tulip to file its own motion for summary judgment. Tulip, therefore, seeks a denial of JLL's motion for summary judgment.

The matter has been fully briefed, and the Court is prepared to rule.

## II. LAW AND ANALYSIS

### A. Standard of Review

Summary judgment is appropriate when the evidence before a court shows "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute about a material fact is "genuine" if the evidence is

such that a reasonable fact finder could render a verdict for the nonmoving party. *Id*.

If the moving party can meet the initial burden, the burden then shifts to the nonmoving party to establish the existence of a genuine issue of material fact for trial. *Norman v. Apache Corp.,* 19 F.3d 1017, 1023 (5th Cir.1994). The nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). In evaluating the evidence tendered by the parties, the Court must accept the evidence of the nonmovant as credible and draw all justifiable inferences in its favor. *Anderson,* 477 U.S. at 255.

### B. Analysis

As it is undisputed that jurisdiction in this matter is based upon diversity, the Court will apply Louisiana law regarding delictual liability. *See Erie R. Co. v. Thompkins,* 304 U.S. 64, (1938). Under Louisiana law "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." LA. CIV. CODE art. 2315. Additionally, Louisiana has adopted a comparative fault scheme. Louisiana Civil Code Article 2323 specifically provides, in pertinent part, that "[i]n any action for damages where a person suffers injury, death, or loss, the degree or percentage of fault of all persons causing or contributing to the injury, death, or loss shall be determined."

"Ordinarily, the determination of whether negligence exists in a particular case is a question of fact; therefore, cases involving a question of negligence ordinarily are not appropriate for summary judgment. This principle extends to a question of comparative fault as well." *Pruitt v. Nale,* 45,483 (La. App. 2 Cir. 8/11/10), 46 So.3d 780, 783; *c.f. Rance v. Harrison Co., Inc.,* 31,503 (La. App. 2 Cir. 1/20/99), 737 So.2d 806, 810 ("Where reasonable minds

4

cannot differ, the question of contributory or comparative negligence is a question of law that may be resolved by summary judgment.").

In other words, "a partial summary judgment may not be granted for purposes of determining a particular element of liability such as ... the fault of one party where such a determination is not completely dispositive of the question of liability between the parties concerning that claim and where ... comparative fault remain[s] unresolved." *Williams v. City of New Orleans,* 637 So.2d 1130, 1132 (La. Ct. App.1994); *see also Saba v. Hosp. Housekeeping Sys., Ltd.,* 2007–0916 (La. App. 1 Cir. 12/21/07) ("The issues of one party's liability and comparative fault are so intertwined that a ruling on the first may, or at the very least appear to, unduly influence the second, and thus, impermissibly taint the allocation of fault.").

Because JLL is entitled to summary judgment only if Tulip is solely at fault, the Court's analysis will focus on whether Tulip has offered competent summary judgment evidence sufficient to show a genuine issue of material fact as to the comparative fault of JLL.

Tulip has produced declarations and photographs which contradict JLL's claims that the well was not in plain view but was instead concealed inside a thicket and camouflaged by overgrowth. This evidence further contradicts JLL's claims that the well was not properly marked or maintained.

The Court notes in particular Thompson's Declaration. Thompson is the agent of the Louisiana Department of Conservation responsible for overseeing its operations in Morehouse Parish and an independent witness not affiliated with either party to this lawsuit. [Doc. No. 32-3]. Thompson declares that he was called to the well site on the date of the incident; that he saw the crumpled well sign; that the sign complies with all requirements of the Louisiana Department

5

of Conservation; that prior inspections of this well before it was damaged show the sign was properly placed; and that in past inspections there might have been grass or underbrush, but there were no trees in the immediate vicinity of the well. [*Id.*]   Significantly, Thompson attaches to his Declaration several photographs of the damaged well head which he took the day of the incident, including photographs showing the well spewing fluids, work being done to control the discharge, and the well after the flow was stopped.   [Doc. No. 32-3, pp. 3-5].   A reasonable fact finder viewing the photographs could conclude that they contradict JLL's assertions.

Ultimately, the credibility of the witnesses to the accident and the parties' testimony may play a critical role in determining the liability question in this matter. However, in reviewing the evidence on summary judgment the Court may not make any credibility determinations or weigh any evidence. *Moore v. Willis Independent School District,* 233 F.3d 871, 874 (5th Cir. 2000).

Construing the evidence in the light most favorable to Tulip, Tulip's evidence raises enough factual issues to undermine any complete determination of liability as JLL may be ascribed some fault and raises genuine issues of material fact as to JLL's comparative fault. The Court finds that Tulip has established a genuine issue of material fact for trial:   whether JLL is at least partially at fault for Tulip's damages.   Therefore, summary judgment is inappropriate.

## III.   CONCLUSION

For the reasons set forth above, JLL's Motion for Summary Judgement [Doc. No. 27] is DENIED.

MONROE, LOUISIANA this 9th day of January, 2020.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE